Per Curiam

*918 TEXTO COMPLETO DE LA RESOLUCION
El recurso instado en el caso de epígrafe interesa la revisión de un dictamen emitido y notificado el 10 de agosto de 1998 por un Juez Administrativo del Departamento del Trabajo y Recursos Humanos. Mediante este dictamen, el que fue emitido luego de la celebración de una vista efectuada a tenor con el procedimiento apelativo dispuesto en la Sec. 6(f) de la Ley de Seguridad de Empleo de Puerto Rico, Ley Núm. 74 de 21 de junio de 1956, según enmendada, 29 L.P.R.A. sec. 706(f), fue revocada la resolución de una árbitro del Negociado de Seguridad de Empleo que declaró a la reclamante recurrida, Isabelita Feliciano, inelegible para recibir los beneficios conferidos en virtud de la Sección 4(b)(3) de la referida ley, 29 L.P.R.A. sec. 704 (b) (3).
Examinado el recurso y los fundamentos de revocación invocados por Productos La Aguadillana, patrono de la recurrida y parte promovente del recurso que nos ocupa, nos hemos percatado de que Productos La Aguadillana carece de legitimación para impugnar ante este foro el dictamen recurrido. Acevedo v. Western Digital Caribe, Inc., 140 D.P.R. _ (1996), Opinión de 21 de marzo de 1996, 96 J.T.S. 42. Por consiguiente, procedemos a denegar la solicitud de revisión judicial presentada por el patrono. La misma no es justiciable.
I
La reclamante, Isabelita Feliciano, fue despedida por Productos La Aguadillana, luego que ésta alegadamente le confesara a una compañera de trabajo que en un supermercado, le recomendó a una cliente que no comprara la came preparada por Productos La Aguadillana porque le añadían “cantería” y la empacaban dañada. El patrono afirma que anteriormente le había llamado la atención a la Sra. Feliciano por dedicarse a interferir con la labor de sus compañeros de trabajo. Incluso, el patrono alega que la Sra. Feliciano se negó a seguir las instrucciones de un supervisor para moverse a otra área donde no distrajera a los demás empleados.
Cuando la Sra. Feliciano solicitó beneficios por desempleo, se le declaró inelegible porque fue despedida por conducta incorrecta en su trabajo. La Sra. Feliciano solicitó audiencia ante un árbitro, la que le fue concedida. Como resultado, la árbitro designada confirmó la decisión del Negociado de Seguridad de Empleo que declaró inelegible a la Sra. Feliciano para recibir beneficios por desempleo.
La Sra. Feliciano apeló entonces ante la Secretaria del Departamento del Trabajo y Recursos Humanos. Luego de una vista ante una oficial examinadora, un Juez Administrativo del departamento revocó la decisión del negociado y declaró a la Sra. Feliciano elegible para recibir los beneficios por desempleo. De esa decisión, recurre el patrono, Productos La Aguadillana.
II
-A-
La doctrina de legitimación activa (standing) es un requisito indispensable del principio de justiciabilidad que permea todo caso o controversia presentado ante el foro judicial. Dicha doctrina establece que, en ausencia de un estatuto que le otorgue legitimación, la persona que solicita un remedio judicial pruebe: (1) que ha sufrido un daño claro y palpable; (2) que el daño es real, inmediato y preciso, y no uno abstracto o hipotético; (3) que la causa de acción surge bajo el palio de la Constitución o de una ley; y (4) que existe una conexión entre el daño sufrido y la causa de acción ejercitada. García Oyola v. J.C.A., 142 D.P.R. _ (1997), Opinión de 21 de febrero de 1997, 97 J.T.S. 25, pág. 662; Asoc. de Maestros de P.R. v. Torres. Srio. Educación, 137 D.P.R. _ (1994), Opinión de 30 de noviembre de 1994, 94 J.T.S. 145, pág. 446, y casos allí citados. Igual exigencia priva en el ámbito administrativo, requiriéndose que la persona que interesa la intervención judicial satisfaga el requisito de legitimación. García Oyola v. J.C.A., supra.
*919 Ahora bien, y como atinadamente señala el profesor Demetrio Fernández Quiñones en su obra Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, Ed. Forum, Bogotá, 1993, págs. 487-488, “[ejl hecho de haber participado en el proceso administrativo no les asegura que posean la legitimación necesaria y requerida para la intervención judicial”. En el derecho administrativo, nos ilustra el profesor Fernández Quiñones, sólo resulta incuestionable la acción legitimada de la denominada “parte obvia”. Esa “parte” es aquélla que, además de estar legitimada para comparecer como “parte” en los procedimientos administrativos ante la agencia, ha sido sujeto u objeto de la actuación administrativa. Esto es cónsono con el mandato establecido en la Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme (L.P.A.U.), Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2172 (Supl. 1999), a los fines de que sólo “[u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones...”. Surge así con meridiana claridad que, a los fines de la revisión judicial de una determinación final de una agencia, la persona que recurre al foro judicial tiene que haber sido “parte” en el procedimiento administrativo, y haber sido “adversamente afectada” por la resolución u orden recurrida. De no serlo, carece de legitimación activa para incoar el correspondiente recurso de revisión judicial.
Considerando ahora la situación particular del patrono aquí recurrente, a la luz de lo dispuesto en la Ley de Seguridad de Empleo de Puerto Rico, supra, y examinada la jurispmdencia interpretativa en lo que nos resulta aplicable, forzoso es concluir que Productos La Aguadillana no fue la “parte” en el procedimiento administrativo para la concesión de los beneficios por desempleo a la Sra. Isabelita Feliciano y, por consiguiente, carece de legitimación para instar el recurso que nos ocupa.
-B-
La Ley de Seguridad de Empleo de Puerto Rico, supra, fue adoptada con el único objetivo de “promover la seguridad de empleo facilitando las oportunidades de trabajo por medio del mantenimiento de un sistema de oficinas públicas de empleo y proveer para el pago de compensación a personas desempleadas por medio de la acumulación de reservas”. 29 L.P.R.A. sec. 701. Entre sus disposiciones, la referida ley establece que será el Negociado de Seguridad de Empleo la organización a cuyo cargo estarán las determinaciones sobre concesión de los beneficios por desempleo, 29 L.P.R.A. secs. 705-708 y las acciones derivadas de la administración del fondo de desempleo. 29 L.P.R.A. sec. 708. A estos efectos, la ley dispone los requisitos y condiciones para recibir los beneficios por desempleo, 29 L.P.R.A. sec. 704 (a) (Supl. 1999), y los parámetros para determinar las contribuciones que deben pagar los patronos para sufragar el fondo de desempleo. 29 L.P.R.A. sec. 708. Establece, además, el procedimiento a seguirse para peticionar tales beneficios, correspondiéndole al director del negociado determinar la condición de patrono asegurado, así como si el reclamante está descalificado, conforme a las exclusiones que la propia ley dispone para recibir tales beneficios. 29 L.P.R.A. sec. 705(d) (Supl. 1999). Dentro de dicho trámite, se contempla que una unidad de empleo que tenga conocimiento de hechos pertinentes a tal solicitud de beneficios por parte de un trabajador asegurado podrá notificar de ello al director, conforme a las disposiciones reglamentarias aprobadas a tales efectos. 29 L.P.R.A. sec. 705(c) (Supl. 1999).
De otra parte, y en lo que respecta a la notificación de la determinación del director con relación a tal solicitud de beneficios, dispone la referida ley que “se dará pronta notificación al reclamante, así como a la unidad de empleo que últimamente hubiere empleado al reclamante, pero en cuanto a esta última,., solamente si, con anterioridad a dicha determinación, ella hubiere suministrado al Director la información de acuerdo con las disposiciones del inciso (c)” de la Sección 705, supra, o cuando la determinación de que el empleado está descalificado conforme a lo dispuesto en la See. 704 (b) de la ley, supra, “esté basada totalmente o en parte en la información suministrada”. 29 L.P.R.A. sec. 705(e)(3) (Supl. 1999).
*920 Si la determinación que haga el director del negociado respecto a la concesión de los beneficios le resultare adversa, el reclamante podrá establecer apelación contra tal determinación ante un árbitro. Este último, dentro del término de quince (15) días dispuesto en la ley y conforme al procedimiento de revisión establecido, celebrará prontamente una audiencia en la que dilucidará todos los hechos que tengan relación con las cuestiones involucradas. Dicha audiencia será notificada a las personas con derecho a recibir notificación de la determinación, según la ley, así como el director. 29 L.P.R.A. see. 706(b)(c).
No obstante, y en lo que respecta a la unidad de empleo, sólo comparecerá ésta en calidad de “parte” si la apelación en cuestión envuelve alguna controversia en cuanto a si el servicio prestado por el reclamante constituye “trabajo asegurado”. 29 L.P.R.A. sec. 706(b). De lo contrario, su comparecencia en la vista será en calidad de testigo en cumplimiento de una citación del negociado para que presente evidencia sobre las razones que motivaron la destitución del reclamante y que posteriormente sirvieron de fundamento al negociado para denegar los beneficios solicitados. 29 L.P.R.A. sec. 705 (c) (e) (3) (Supl. 1999). Ello responde a que el único propósito de esta vista es que la reclamación del obrero desempleado sea adjudicada a base de testimonios y de cualquier otra evidencia presentada en la vista e incluida en el expediente. Secs. 6.1-3, 6.1-6 del Reglamento Núm. 2 para Regular el Pago de Beneficios por Desempleo, Reglamento Núm. 1223 de 30 de diciembre de 1968, según enmendado.
Celebrada la vista, y emitido y notificado el dictamen del árbitro, “[cjomo cuestión de derecho se concederá una apelación por cualquier parte ante el Secretario si la decisión del árbitro hubiere revocado o modificado la determinación del Director, o si se presentare alguna cuestión basada en la see. 704 (b) (6) o (7) de este título”. 29 L.P.R.A. sec. 706(f). Este inciso provee, además, que el “Secretario podrá, a su propia iniciativa, proceder a la revisión de una decisión o determinación de un árbitro dentro de quince (15) días a partir de la fecha de la decisión. ” Además, el secretario está autorizado a delegar la autoridad para revisar las decisiones del árbitro en uno o más funcionarios del departamento, los cuales serán designados como jueces administrativos; la decisión de éstos se considerará como la decisión del Secretario. Id.
Finalmente, y siguiendo el esquema dispuesto por ley para la revisión judicial, se dispone en 29 L.P.R.A. see. 706(i), que la decisión del Secretario será final a no ser que las partes soliciten su reconsideración o interpongan recurso de revisión judicial dentro del término jurisdiccional que tienen disponible a tales efectos. Debe entenderse, a todo efecto legal, que las partes con legitimación para interponer el recurso, salvo el caso en que la controversia gire en tomo a si el servicio prestado por el reclamante constituye “trabajo asegurado”, son el reclamante y el Negociado de Seguridad de Empleo. Así lo resolvió el Tribunal Supremo de Puerto Rico en Acevedo v. Western Digital Caribe, Inc., supra, a la pág. 881, donde expresó que en acciones sobre determinación de despido injustificado ante el Negociado de Seguridad de Empleo, el patrono no comparece como parte, siendo éstas únicamente el obrero desempleado y el negociado. Al así dictaminar, fue el criterio de dicho alto foro que la unidad de empleo (patrono) no comparece en calidad de “parte”, ni a modo contencioso o adversativo, sino como testigo en cumplimiento de una citación del negociado en virtud de la Sección 5 de la referida ley, 29 L.P.R.A. sec. 705(c). A estos efectos, reconoció que “si un patrono viniese obligado por una determinación del negociado, los procedimientos administrativos sumarios para conceder beneficios por desempleo se tornarían en una especie de juicios en su fondo... ”. Ello sería un absurdo, máxime cuando el patrono no está expuesto a pérdida económica alguna ante una determinación de elegibilidad del negociado, toda vez que los beneficios por desempleo provienen del fondo de reserva y no de los recursos del patrono. 29 L.P.R.A. sec. 710 (d). De hecho, así se lo señaló la árbitro expresamente a las partes en la página 2 de su resolución en el recurso que nos ocupa, al expresar: “La resolución emitida en su caso es sólo a los efectos de la Ley de Seguridad de Empleo de Puerto Rico y necesariamente no obliga bajo otras leyes aplicables. ” En otras palabras, como señaló el Tribunal Supremo en Acevedo v. Western Digital Caribe. Inc., supra, la decisión respecto a los beneficios por desempleo no constituye cosa juzgada en una demanda por despido injustificado o discriminatorio *921 que presente el obrero, debido a que no hay identidad de partes en ambos procesos. No existe mutualidad entre el patrono y la Secretaria del Trabajo. Id.
-C-
En este caso, observamos que el Negociado de Seguridad de Empleo, acorde con sus funciones y ámbito de autoridad, atendió el reclamo de beneficios por desempleo de la Sra. Feliciano y denegó los beneficios solicitados. En apelación intema, conforme al esquema de revisión dispuesto por la Ley de Seguridad de Empleo, supra, se celebró la vista correspondiente ante la árbitro designada, quien luego del trámite correspondiente y la celebración de vista, a la que fue citada el patrono, emitió su dictamen confirmando la decisión del director, denegándole a la Sra. Feliciano los beneficios solicitados. Este dictamen en apelación, adverso a la reclamante Feliciano, fue revocado por el Juez Administrativo, a nombre de la Secretaria del Trabajo, mediante el dictamen que pretende aquí impugnar el patrono, Productos la Aguadillana, mediante el recurso que nos ocupa. Evidente resulta, no obstante, que la intervención del patrono recurrente en el referido trámite administrativo fue en calidad de testigo, y no como parte, ni a modo contencioso o adversativo. Acevedo v. Western Digital Caribe. Inc., supra, a la pág. 881. Con este limitado alcance, y ante la realidad de que el patrono no está expuesto a pérdida económica alguna ante una determinación de dicho negociado, id., forzoso nos resulta concluir que el patrono aquí recurrente no fue “parte” en el trámite administrativo que culminó con el dictamen que es objeto de impugnación mediante el recurso que nos ocupa. Resolvemos, por consiguiente, que Productos La Aguadillana, unidad patronal en el referido trámite, carece de legitimación activa para impugnar el dictamen recurrido. Tal falta de legitimación conduce a un sólo curso decisional: Archivar este recurso por no ser justiciable.
III
Por todo lo cual, se declara no ha lugar la solicitud de revisión de epígrafe.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2000 DTA 49
1. La Sección 704 (b) (6) (7), supra, descalifica a un obrero para recibir beneficios si el desempleo se debió a un paro en el que participó el obrero o si éste le mintió al departamento con intención de cometer fraude.
2. Aunque la ley hace referencia a que la solicitud de revisión se presentará ante el desaparecido Tribunal Superior, debe entenderse que a partir de la vigencia de la Sección 4.002 (g) de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, 4 L.P.R.A. sec. 22k(g) (Supl. 1999), la competencia para atender el recurso es de este Tribunal de Circuito de Apelaciones.